UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

THERESA ALICEA, JOSE RAMON ALICEA, CONJUGAL PARTNERSHIP ALICEA-ALICEA,

>   Plaintiffs,

v.

ARECIBO LIGHTHOUSE & HISTORICAL PARK, UNITED STATES,

>   Defendants.

Civil No. 13-1637 (JAF)

**OPINION AND ORDER**

Plaintiffs Theresa Alicea ("Alicea"), José Ramón Alicea ("Ramón"), and the Conjugal Partnership Alicea-Alicea (collectively "Plaintiffs"), are suing Defendants Arecibo Lighthouse and Historical Park ("Lighthouse") and the United States (collectively "Defendants"). Plaintiffs are suing the United States under 28 U.S.C. § 1346(b); the Federal Tort Claims Act; 5 U.S.C. § 552a(b); 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1367. Plaintiffs are suing the Lighthouse under Puerto Rico Civil Code, Article 1802, and 31 L.P.R.A. § 5141, via diversity jurisdiction, 28 U.S.C. § 1332. (Docket No. 2.)

Lighthouse moves us to dismiss the case, alleging that there is no diversity of citizenship under 28 U.S.C. § 1332. (Docket No. 12.) They point to Plaintiffs' incident report, which lists Plaintiffs' address as 8 Ave. Laguna, Carolina 00979. (Docket No. 12-1.) Plaintiffs respond that, although they have a second residence in Puerto Rico, they are domiciled in New York and are, therefore, diverse parties. (Docket No. 17.)

"For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hospital, 516 F.3d 29, 31 (1st Cir. 2008). A person's domicile "is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodríguez-Díaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal citations omitted). In determining a party's intent to return, we consider "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992) (internal citation omitted).

Plaintiffs have a home at 60 West 104 Street, Apartment 11G, New York, New York. (Document 17 at 2.) They both have current New York State driver's licenses or identification cards (Docket No. 17-1); their bank statements are mailed to their New York apartment (Docket No. 17-2); they file taxes in New York State (Docket No. 17-3); and they receive medical care in New York State (Docket No. 17-4). Plaintiffs have established that they are domiciled in New York.

Therefore, Lighthouse's motion to dismiss (Docket No. 12) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of May, 2014.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE