UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

THERESA ALICEA, JOSE RAMON ALICEA, CONJUGAL PARTNERSHIP ALICEA-ALICEA,

    Plaintiff,

v.

ARECIBO LIGHTHOUSE & HISTORICAL PARK, UNITED STATES,

    Defendant.

Civil No. 13-1637 (JAF)

## **OPINION AND ORDER**

Plaintiffs Theresa Alicea ("Alicea"), José Ramón Alicea ("Ramón"), and the Conjugal Partnership Alicea-Alicea (collectively "Plaintiffs"), are suing Defendants Arecibo Lighthouse and Historical Park ("Lighthouse") and the United States (collectively "Defendants"). Plaintiffs are suing the United States under 28 U.S.C. § 1346(b); the Federal Tort Claims Act; 5 U.S.C. § 552a(b); 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1367. Plaintiffs are suing Lighthouse under the Puerto Rico Civil Code, Article 1802 and 31 L.P.R.A. § 5141, via 28 U.S.C. § 1332, diversity jurisdiction. (Docket No. 2.) The United States moves to dismiss for lack of subject matter jurisdiction. (Docket No. 19.) For the following reasons, we grant the United States' motion to dismiss.

**I.**

**Procedural History**

Plaintiffs filed their complaint on August 20, 2013. (Docket No. 2.) On February 21, 2014, Lighthouse filed a motion to dismiss for lack of diversity jurisdiction.

(Docket No. 12.)  We denied that motion.  (Docket No. 25.)  On April 7, 2014, the United States filed a motion to dismiss for lack of subject matter jurisdiction.  (Docket No. 19.)  We granted Plaintiffs an extension of time to file a response, but Plaintiffs failed to file by the deadline.  (Docket No. 22.)

## II.

## Facts

When considering a motion to dismiss, we must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff.  <u>Rodríguez-Ramos v. Hernández-Gregorat</u>, 685 F.3d 34, 39-40 (1st Cir. 2010) (citation omitted).  Therefore, to the extent that any facts are disputed, the facts set forth below represent Plaintiffs' version of the events at issue.

On or about August 29, 2012, Plaintiffs went to the "Splash at the Lighthouse" water park attraction that is part of a "cultural theme park" located at the premises of the Arecibo Lighthouse in the municipality of Arecibo, Puerto Rico.  (Docket No. 2. at 3); ARECIBO LIGHTHOUSE AND HISTORICAL PARK, SPLASH BY THE LIGHTHOUSE, http://www.arecibolighthouse.com/splash.html (last visited Jun. 3, 2014).  Plaintiffs allege that the premises are owned by the United States through the United States Coast Guard ("USCG"), although the United States denies any interest in the water park, and although Plaintiffs have not presented any evidence that the USCG owns or operates the water park. (Docket Nos. 2 at 4; 19-1 at 2.)

At about 2:00 P.M. to 3:00 P.M., Alicea entered the wading pool.  She took normal steps proceeding along the concrete ramp in the direction of the water.  The

concrete ramp had a painted, polished surface which was extremely slippery and lacking porous strips or handrails, and which was the only means to access the wading pool. (Docket No. 2. at 3.) There was no notification that the ramp was dangerous or hazardous. (Docket No. 2 at 4.) As Alicea walked on the ramp to reach the wading pool, she slipped and fell on the concrete surface. Alicea alleges that she suffered serious hip, back, and leg injuries, as well as lacerations and bruises. As a consequence, she alleges that she has undergone numerous physical therapies and surgical interventions, and will continue to suffer pain, mental anguish, and physical disability. (Docket No. 2 at 3, 4.)

On January 29, 2013, Alicea, through her attorney, signed an administrative claim against the USCG requesting money damages for injuries allegedly sustained on August 29, 2012. However, the USCG did not receive the claim by certified mail until March 8, 2013. Alicea was the only claimant and the maximum amount claimed was $950,000. (Docket Nos. 19; 19-1; 19-2.) On April 5, 2013, Susan Steiner, a claims attorney with the USCG Legal Services Command, wrote a letter pursuant to 28 C.F.R. § 14.2(a) and requested that the Plaintiff's attorney submit proof of his authority to represent her in the administrative claim. The letter from the USCG referred to Title 28 U.S.C. § 14 and Title 33 U.S.C. § 25 for the requirements to assert a claim. The Plaintiff's attorney never provided the requested documentation. (Docket Nos. 19-1; 19-3.)

On August 20, 2013, Plaintiffs filed the instant case in our court. (Docket No. 2.) Alicea alleges personal damages of $1,500,000. Ramón alleges that he has been and will

be emotionally and psychologically devastated and, in total, Plaintiffs claim $2,400,000 in damages. (Docket No. 2 at 5.)

## III.

## **Jurisdiction**

The United States argues that Plaintiffs have failed to exhaust their administrative remedies. (Docket No. 19.) In suits brought under the Federal Tort Claims Act, the "filing of a timely administrative claim is a jurisdictional requirement that cannot be waived." Atallah v. U.S., 955 F.2d 776, 779 (1992). Therefore, we must address this issue before reaching the merits.

Plaintiffs claim damages under 28 U.S.C. § 1346(b), which provides that -- subject to the provisions of Chapter 171, Tort Claims Procedure -- district courts have jurisdiction over monetary damages claims against the United States,

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Chapter 171 outlines the exhaustion requirement a Plaintiff must overcome before filing a tort claim against the government in federal court. A Plaintiff cannot institute a claim in federal court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or unless the agency has failed to make a

disposition within six months of the claim being filed. 28 U.S.C. § 2675(a). Further, the action in federal court cannot be for an amount in excess of the claim presented to the federal agency, unless there is newly discovered evidence that was not available when the claim was presented to the agency. 28 U.S.C. § 2675(b).

Plaintiffs did not properly present their claim to the appropriate federal agency. A USCG claims attorney told the Plaintiff's attorney in writing to submit proof of his authority to represent Alicea before proceeding with the claim. The USCG attorney also referred Alicea and her attorney to Title 28 U.S.C. § 14 and Title 33 U.S.C. § 25 for the prescribed requirements to assert a claim. Alicea's attorney never provided proof of his authority to represent her. (Docket Nos. 19-1; 19-3.) Therefore, Alicea's claim was not properly filed, and she did not properly exhaust her administrative remedies. Ramón never filed an administrative claim with the USCG and, therefore, did not exhaust his administrative remedies.

Plaintiffs' other claims do not save their case against the United States. Plaintiffs sued under "5 U.S.C. § 552a (b)." (Docket No. 2.) Such a provision does not exist. However, 5 U.S.C. § 552a is related to records maintained on individuals, which is inapplicable in this case. See 5 U.S.C. § 552a. Plaintiffs also sued under 28 U.S.C. § 1331, which merely gives the federal court jurisdiction over federal questions. See 28 U.S.C. § 1331. Plaintiffs also sued under 28 U.S.C. § 1343, which covers "civil rights and elective franchise," which is also inapplicable. See 28 U.S.C. § 1343. Finally, Plaintiffs sued the United States under 28 U.S.C. § 1367, which merely provides

supplemental jurisdiction for claims related to those over which we already have original jurisdiction. See 28 U.S.C. § 1367.

Because Plaintiffs failed to exhaust their administrative remedies, we must dismiss their case against the United States. We note that even if they had exhausted their administrative remedies, we find it unlikely that they could show this water park was owned or operated by the United States.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** the United States' motion to dismiss them as a party in this case (Docket No. 19).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of June, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
